**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LIZA'S LEGACY FOUNDATION, INC.,

                             Plaintiff,

       -against-

TIMOTHY FLYNN,
a/k/a TIM FLYNN,

                       Defendants.
_____

Civil Action No.:

Judge

**COMPLAINT**

         Plaintiff, Liza's Legacy Foundation, Inc. (hereinafter "Liza's Legacy") as and for its Complaint against Defendant, Timothy Flynn a/k/a Tim Flynn (hereinafter "Defendant"), alleges the following:

**PARTIES**

         1.       Plaintiff, Liza's Legacy, is a not for profit corporation duly organized and existing under the laws of the State of New York, having its address at P.O. Box 1073, Guilderland, New York, 12084.

         2.       Upon information and belief, Defendant, is a citizen of the State of New York, residing at 8 Park 200 Apartments, Apt. 6N, Clifton Park, New York, 12065.

**JURISDICTION AND VENUE**

         3.       This is an action for trademark infringement, false advertising and unfair competition under the Lanham Act, 15 U.S.C. §1051, _et seq_.; and related claims for trademark infringement , unfair competition and dilution under New York State statutory and common law.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332 and 1338 and 15 U.S.C. §§1116 and 1121 and, with respect to certain claims, 28 U.S.C. §1367.

5.      This Court has personal jurisdiction over the Defendant by virtue of his activities as set forth herein, and by his residing, transacting, doing, and soliciting business, in the State of New York and the Northern District of New York.

6.      Venue is proper in the Northern District of New York based upon 28 U.S.C. §1391(b).

## BACKGROUND

7.      Plaintiff is a not for profit corporation which operates a foundation dedicated to honoring life and giving hope to survivors of domestic violence and their families.  Plaintiff was organized in November of 2005 in the memory of Liza Ellen Warner whose life was tragically ended as a result of domestic violence.

8.      As part of its activities, Plaintiff organizes and sponsors certain events including Liza's Legacy Golf Tournament, Liza's Legacy Annual Gala, Liza's Passion for Fashion Show, and Liza's 5K Run.  The proceeds from these events are used to raise public awareness and benefit the survivors of domestic abuse and their families.

9.      Plaintiff owns trademarks, service marks, slogans and/or logos associated with its foundation and events, some of which are registered or in the process of being registered on the Principal Register of the United States Trademark Office.  One of these marks is the mark LIZA'S 5K RUN[SM], for which an application for federal registration is pending.

2

10.     Plaintiff has the exclusive right to use and to license the LIZA'S 5K RUN[SM] mark and derivations thereof.

11.     Since 2005, Plaintiff has continuously used the LIZA'S 5K RUN[SM] mark in organizing and promoting its running event and has invested substantial time and resources to develop good will in the LIZA'S 5K RUN[SM] mark and cause consumers in the United States to recognize this mark.

12.     Defendant has been and continues to wrongfully conduct activities using the name LIZA'S 5K RUN[SM] including organizing, sponsoring, promoting, and/or actively inducing the organizing, sponsoring, and/or promoting of a running event under the name LIZA'S 5K RUN[SM].

13.     A true and accurate copy of the entry form used by Defendant in conjunction with his organization, sponsorship and/or promotion of an unauthorized running event under the name LIZA'S 5K RUN[SM] is attached hereto as **Exhibit "A"**.

14.     Upon information and belief, Defendant derives substantial revenue from interstate commerce.

15.     Defendant's conduct is causing and has caused damage to Plaintiff in New York State and in the Northern District of New York where Liza's Legacy is located.

**FIRST CAUSE OF ACTION**

**(False Advertising Under The Lanham Act)**

16.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 above.

3

17.     Defendant's advertising, marketing and other materials used in interstate commerce contain at least one false or misleading description or representation of fact because it conveys the impression that he is authorized to use the LIZA'S 5K RUN$^{SM}$ mark and/or affiliated with or sponsored by Plaintiff.

18.     Defendant's use of the LIZA'S 5K RUN$^{SM}$ mark in its marketing and advertising thereby creates a false impression of affiliation or relationship between Defendant and Plaintiff.

19.     Defendant's activities constitute the use in commerce of any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, false or misleading representation of fact in connection with goods or services, which in commercial advertising promotes or misrepresents the nature, characteristics, qualities or geographic origin of its or another person's goods, services or commercial activities, in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

20.     Upon investigation and information, Defendant has engaged and continues to engage in a willful and knowledgeable practice of false advertising with malicious and reckless disregard for the truth.

21.     Based upon the wrongful acts of Defendant, Plaintiff has incurred monetary damages in an amount presently unknown.

22.     The acts of Defendant makes this an exceptional case entitling Plaintiff to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

23.     Plaintiff may have no adequate remedy at law in the event monetary damages cannot be properly calculated.

24.     Defendant's activities have caused irreparable injury to Plaintiff and unless such activities are restrained by this Court, they will be continued and continue to cause great irreparable injury to Plaintiff.

25.     Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continued false advertising.

## SECOND CAUSE OF ACTION

**(Common Law Trademark Infringement, Passing Off , False Designation Of Origin and Unfair Competition Under The Lanham Act)**

26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 above.

27.     This claim arises under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

28.     The use of the LIZA'S 5K RUN$^{SM}$ mark by Defendant is a false designation of origin or sponsorship as to services made available by Defendant and falsely represents that Defendant's goods and services originate from Plaintiff or that Defendant's goods and services are or have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff.

29.     Defendant's conduct constitutes common law trademark infringement and passing off and is likely to confuse, mislead and deceive a substantial number of relevant consumers and members of the public as to the origin of the services or to cause said persons to believe that the services have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated with Plaintiff in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

5

30.     Upon investigation and information, Defendant has engaged and continues to engage in the aforesaid activities willfully and with knowledge of Plaintiff's rights in and to the LIZA'S 5K RUN[SM] mark.

31.     Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to damages for Defendant's violations and an accounting of profits made by Defendant through his actions and recovery of Plaintiff's costs of this action.

32.     The acts of Defendant makes this an exceptional case entitling Plaintiff to an award of treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a) and (b).

33.     Defendant's activities have caused and will cause further irreparable injury to Plaintiff and unless such activities are restrained by this Court they will be continued and will continue to cause great and irreparable injury to Plaintiff.

34.     Pursuant to 15 U.S.C. §1116, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing conduct.

35.     Based on the wrongful acts of Defendant, Plaintiff has incurred monetary damages in an amount presently unknown to Plaintiff.  Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Unfair Competition and Trademark Infringement under New York State Common Law)

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 above.

37.     Plaintiff as a cause of action and ground for relief, alleges that Defendant is engaging in acts of passing off, trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York.

38.     Defendant has infringed the LIZA'S 5K RUN[SM] mark and continues to do so by manufacturing, marketing and/or selling goods and services using the LIZA'S 5K RUN[SM] mark.

39.     Defendant's acts constitute deception, fraud, misrepresentation, or the concealment, suppression or omission of a material fact.

40.     Upon information and belief, Defendant intends that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

41.     Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendant's acts are restrained by this Court, Defendant's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

42.     Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with Plaintiff, or origin, sponsorship, or affiliation of Defendant by Plaintiff.

43.     Defendant's acts have harmed Plaintiff reputation and have severely damaged Plaintiff's goodwill.

44.    Defendant has misappropriated the LIZA'S 5K RUN[SM] mark and upon information and belief continues to do so, by using the LIZA'S 5K RUN[SM] mark on or in connection with the advertising, marketing, promotion and sale of Defendant's goods and services.

45.    Defendant's trademark infringement is in violation of the common law of New York.

46.    Defendant's aforesaid acts constitute passing off, infringement, tarnishment, dilution, misappropriation, and misuse of Plaintiff's trademark, unfair competition, palming-off and passing-off against Plaintiff, and unjust enrichment by Defendant, all in violation of Plaintiff's rights under the common law of New York.

47.    Upon information and belief, Defendant's actions have been willful and deliberate.

48.    Plaintiff has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendant's deceptive business practices and therefore Plaintiff is entitled to injunctive relief under New York common law.

## FOURTH CAUSE OF ACTION

### (Unfair Competition under New York General Business Law §§349 and 350)

49.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 above.

50.    In the course of his business, Defendant has wrongfully and deceptively engaged in consumer-oriented acts that were misleading in a material way, and that caused injury to Plaintiff.

8

51.     Defendant's conduct as described herein constituted, and continues to constitute a violation of New York General Business Law §§349 and 350.

52.     By reason of the foregoing, Plaintiff has been and will be irreparably harmed and damaged.

53.     The acts of the Defendant complained of herein have damaged Plaintiff and, unless restrained, will impair, if not destroy, the value of Plaintiff's reputation and goodwill.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Trademark Dilution under New York General Business Law §360-l)**

54.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 above.

55.     Defendant's use of LIZA'S 5K RUN$^{SM}$ mark in connection with the operation of his running event has caused a likelihood of injury to the business reputation of Plaintiff and/or dilution by blurring Plaintiff's distinctive marks.

56.     Defendant's actions complained of herein are in violation of the New York Anti-dilution Statute in Article 24 § 360-1 of the General Business Law.

57.     By reason of the foregoing, Plaintiff has been and will be irreparably harmed and damaged.

58.     The acts of the Defendant complained of herein have damaged Plaintiff and, unless restrained, will impair, if not destroy, the value of Plaintiff's LIZA'S 5K RUN$^{SM}$ mark and the goodwill associated therewith.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment against the Defendant granting the Plaintiff:

(A)     An order enjoining Defendant, his agents, servants and employees and all parties in privity with him, from the following acts: using or infringing upon Plaintiff's marks including the LIZA'S 5K RUN[SM] mark; passing off; false advertising; false designation of origin; and diluting Plaintiff's marks including the LIZA'S 5K RUN[SM] mark; unfairly competing with Plaintiff, diluting Plaintiff's marks including the LIZA'S 5K RUN[SM] mark;

(B)     Damages for Defendant's violation of 15 U.S.C. 1125 and treble damages for willful violation of same; and damages and punitive damages in connection with the state law claims;

(C)     Increased damages pursuant to 15 U.S.C. §1117;

(D)     Plaintiff's costs of this action;

(E)     Plaintiff's attorneys' fees, including attorneys' fees pursuant to 15 U.S.C. § 1117 and/or New York State law; and

(F)     Such other and further relief against Defendant in favor of Plaintiff's as

this Court deems just, equitable and proper.

Respectfully submitted,

Dated: August 7, 2008          /s/ Nicholas Mesiti
                               Nicholas Mesiti, Esq. Bar Roll No. 102192
                               Shanna O'Brien, Esq. Bar Roll No. 513685
                               Heslin Rothenberg Farley & Mesiti P.C.
                               5 Columbia Circle
                               Albany, New York  12203
                               Telephone:  (518) 452-5600
                               Facsimile:  (518) 452-5579

11